Good morning, Your Honors. May it please the Court, I'm David McLean and I represent Mr. Norwood in this case. This case is different than most because it involves my appeal, the government's response, the government's cross-appeal, and their response. I would submit that the main issues in this case are the mootness argument and the 851 argument. My introductory appeal, because Mr. Norwood was successful on the dismissal of the 851 information below, so that was the government's appeal. My introductory appeal just addressed criminal history and whether the guidelines were correctly applied. But if I don't succeed on the mootness argument, if I don't succeed at least on that argument first, or if I don't succeed that the 851 information was correctly dismissed... Could you just start from the beginning? You're mentioning a series of sections and questions.  It sounds like a football huddle. So why don't you just tell us what this case is all about and what your position is and lead into it nicely. I apologize, Your Honor. I'm not trying to confuse anybody. You're so into the case that you forget that the three judges may be a little bit more ignorant, but just as interested as you are. Thank you, Your Honor. This case is about where my client, Mr. Norwood, was charged with conspiracy and possession with intent to distribute 33 grams of crack cocaine. He had a prior conviction for felony possession of 7 grams of crack cocaine in the state of California. He was convicted of that. Subsequent to that conviction, in 2014, November 2014, the state of California passed Proposition 47, which redefined and reclassified felony convictions for straight possession of narcotics as misdemeanors instead of felonies. The government, after the indictment was filed, filed what we know as an 851 information. That's a charging document which doubled the mandatory minimum, or what the exposure was for my client, from a 5-year mandatory minimum to a 10-year mandatory minimum. Pre-trial, he was facing 10 years. We decided, because we wanted to make an informed decision whether to go to trial or not in this case, to file a pre-trial motion to dismiss the 851 information based on Proposition 47. Because since California reclassified Mr. Norwood's prior felony conviction as a misdemeanor, for purposes under 841 and 851, 21 U.S.C. 841 and 851, he no longer had a felony conviction for which could be enhanced. At least that was our position. That was California's law. How do you get around people, U.S. versus Diaz, a 2017 case in which we held that Proposition 47 reclassification was not effective as to federal enhancement? Well, besides Diaz being wrongly decided, what I would say about that. Is that an argument to us? No, it's not, Your Honor. But I will address this. Diaz involved a collateral attack on the prior conviction. My case involved a direct attack before the trial court. That was part of what concerned the Diaz court. Because they didn't want people to come in years after they had their cases finally decided in federal court and been sentenced years later to file a reduction in state court and then collaterally attack their conviction in federal court. This case, we directly brought it pre-trial, and the judge dismissed it pre-trial in our case. It was not a collateral attack. So those issues of finality that was emanating and motivating the Diaz decision does not apply here. And the second thing I would say about why our cases — Didn't the Supreme Court, I think it tells you, is it McNeil, that federal sentencing courts should look at the maximum, I think the language is the maximum, sentence applicable to a defendant's previous drug offense at the time of his conviction for that offense. So aren't we directed to just look at what happened previously and at the time of the conviction for that offense, according to McNeil? Well, McNeil's a different case. That involved the ACCA. It did not involve an information or how — In this particular instance, you know, what's interesting about all this is that the federal law tells you to look at the state law, because under 841 it says if you have a prior felony conviction. Under 21 U.S.C. 802.44, it defines a felony conviction if it's a felony under state law. And it was a felony under state law when he pled guilty, wasn't it? It was a felony, but then it was reclassified. And what's different — But it was a felony under state law, and then he had a chance to appeal, and the appeal was over. Is that correct? I mean, he tried to appeal or he didn't try to appeal, but the case was final. And it looks like our case law tells us that we have to look to that factor for finality. Is that not the case? Your Honor, Diaz was a novel case. And Diaz itself said that this has never been before the court. And what I would say is that this case of Mr. Norwood has never been before the court because what happened for Mr. Norwood is that he had the information dismissed at the time that he pled. And you have to look at — on that in terms of assurity that there wouldn't be an appeal on that issue. Yes, the government did object, but the court also said that the 851 information is not before the court. And what you have to remember about this case is that the only reason Mr. Norwood pled guilty is because the information was dismissed. His guidelines, if he went to trial, was less than the mandatory minimum. He had no reason to not go to trial except for the information was dismissed. And did the government — was that in the plea agreement where the government preserved its right to appeal? There was no plea agreement in this case. So the only preservation then is the colloquy that took place during the plea? Is that — Well, my position is you can't preserve it because it's very clear under Sparrow, and I would ask the court to read Sparrow, because what — you can only enhance a sentence if an information is filed at the time of plea or conviction. Maybe this case was wrongly decided under Diaz, but at the time Mr. Norwood pled guilty, there was no information on file. Now, the government could have preserved its rights, but they acquiesced in that dismissal by not taking an interlocutory appeal. Why do you say they acquiesced? Is it your position they were obligated to take an interlocutory appeal? If they wanted to preserve the 851 in Mr. Norwood's case, yes, they were obligated to. It's not sufficient that it was just filed previously. Well, because it was unfiled. I understand that. So I'm just — I'm asking. I'm not arguing. I'm sorry, Your Honor. No, I just wanted to be clear about your argument. My argument is that it was unfiled. It is if the government had withdrew the 851 information prior to Mr. Norwood pleading guilty, then trying to refile it after the fact, because it was dismissed by the court. See, this is why this case is so different than Diaz. This case, the information was dismissed prior to him pleading guilty or going to trial. So Mr. Norwood is faced with a situation where Diaz wasn't even decided by the time of our case. We may have made a very different choice and gone to trial if Diaz was before us. But Mr. Norwood was faced with a situation where the authority in the central district was in his side. So he was expecting that this case, he wouldn't be facing this information whatsoever, despite what the government said, that they were reserving their right. My position was, and I think it's clear under 851, that the information has to be unfiled at the time of plea or conviction. They had the option to take an interlocutory appeal. Because they didn't take an interlocutory appeal, they slept on their rights, and they had the discretion to do that. Now, just think about what's going to happen in this case if the government succeeds on its appeal. Mr. Norwood, his case will be remanded for resentencing. There's no choice. His guidelines are below the 10-year mandatory minimum. He's facing a 10-year mandatory minimum. He has to ask the court to withdraw his plea under a fair and just reason, and he has no idea what the district court's going to do. The district court could say, you're stuck with the 10 years. The government advised you you might get 10 years. But when he was making that decision at trial, and it's unfair to him, he was looking at, I can save myself a lot of time by pleading guilty because I no longer have an information. And so that's what he did. And based on the state of the law at the time, it was a rational decision to pursue that route. Now, if this case is reversed, he's going to be stuck with 10 years with no right to even a trial in this case. That is an unfair result when the government could have filed an interlocutory appeal, stayed the district court decision, he wouldn't have entered a plea, and then it could have been decided by the court, and then he would have known whether to plead or not. That's how he was prejudiced by the government, acquiescing in the fact that there was no information on file when he pled guilty. Thank you very much, Mr. McClain. You've passed your time. Thank you. May it please the Court? Ashwin. If this case goes back to the district court, would you stipulate that the defendant can opt for trial and withdraw his guilty plea? Your Honor, that's a question for remand, which is not an issue in this appeal. I can tell you that we likely wouldn't stipulate because— Is that would or would not? Would not. Would not. What's your authority on why you would not stipulate or agree that if you are successful, at the minimum, the defendant here or appellant, Mr. Knorr, would be able to withdraw his plea and you could proceed at that point? Rule 11, Your Honor. The defendant made a knowing and voluntary plea, knowing and being advised that the government could potentially appeal his 851. Are you basing that on the colloquy that took place before the district court? Because the district court made several statements here that call into question that very statement that you're making. He said repeatedly, and I'm looking at page 11 of the plea agreement. I guess it's DER 79. It starts there and it goes on for about three or four pages where the district court is continually trying to inform the government. That's not an issue. You can't be saying that he wouldn't be able to come back and withdraw the plea. There's no clarity on that. There's no agreement, at least from my review of that colloquy. Is that what you're basing it on? No, Your Honor. Okay. It's not taking a step back on the mootness claim. Section 851 simply requires that an information be filed prior to the time of trial or a change of plea. And as this court made clear in Severino in an en banc opinion, Section 851 is a procedural statute. The facts and law determine whether an 851 enhancement actually applies. 851 doesn't change that outcome. The defendant in this case made a tactical decision to challenge his 851 and have it dismissed prior to trial. And it was dismissed. And it was dismissed. And so he was no longer facing the 10-year mandatory minimum. He had a five-year mandatory minimum, if I understand, and he decided to go ahead and plead outright without a plea agreement. It sounds like you all were hanging on and trying to say, well, he can go forward, but we still have a right to, you know, if something goes wrong, we have a 10-year mandatory minimum. How can he possibly have made an informed decision or knowing that that 10-year mandatory minimum is not what he was facing? Well, at the time of sentencing, he wasn't facing a mandatory minimum. Exactly. But it's a legal issue as, I mean, the case law is clear. What's your best case? What's your best case? I think the entire line of 850 Severino, even Sparrow, which the defendant cites. How do you think Sparrow is for you? Sure. The key issue in that case, just for the record, the court found that the government had withdrawn an 851 information based on its statements both at trial and to the probation office. And in that case, the court held explicitly that the government frustrated the purpose of the notice requirement under 851. As I was saying, Your Honor, the 851 notice requirement is based on due process. It's not a substantive rule. I think what's happening here, to be very clear, to sum it up in a single sentence, the defendant is conflating an 851 being in effect at the time of a change of plea or trial versus an 851 having been filed. No, I understand that it had been filed and the district court said no. So you filed another information and the other one was, the 851 was dismissed. Is that right? That's correct. And that happens. The one in place was the five-year mandatory minimum. Am I correct on that? That's correct, Your Honor. At the time the defendant was sentenced only. The time he pled. That's correct. There wasn't a 10-year mandatory minimum when he pled. That's correct. So how can the one that was dismissed be in effect for purposes of this point, and that is that if something happens with that plea, then automatically he would get sentenced to 10 years? That's your position. Of course not, Your Honor. And that's the distinction. It need not be in effect at the time of the plea or trial. It simply has to be filed at that time. And that's very clear in Severino and a number of these, in Hamilton, for example, Your Honor. I'm sorry, so what is your position? I guess I'm not appreciating it. Sure. When it goes back, if it goes back, would he have an opportunity to make a decision on whether or not to plea to the 10-year minimum or go to trial? When it goes back, as the district court pointed out, at the change of plea, there would still be a question of whether the defendant can collaterally attack the 851 information. It's two separate questions. One, whether an 851 information applies, and second, and that's why a defendant can only be advised of possible outcomes, because even if the 851 wasn't dismissed at the time of change of plea, it's still possible an 851 wouldn't apply at the time of sentencing. Why is that? Because the defendant could argue for a number of reasons. But would he be able to go to trial on the 851? Should he be able to or would he? Both. He should not be able to go to trial on the 851, because the 851 is a collateral issue that has nothing to do with the facts of whether he's guilty of the underlying crime. He's charged with two drug offenses, conspiracy and distribution. The 851 has nothing to do with either of those crimes. It simply says his penalty should be doubled because of his prior criminal history. And it sounds like I don't really need to address Diaz for this court, but to the extent it's necessary. Well, no, I would like to talk about Diaz a little bit, because it seems like it is somewhat distinguishable because, or I guess let me ask you, isn't it significant that at the time of Norwood's federal sentencing, his state fence had been reclassified as a misdemeanor? So, I mean, that's pre-trial and pre-sentencing. Whereas in Diaz, it was post-sentencing. So why isn't that distinguishable? The reason it's a baseless distinction, Your Honor, is because Diaz tells us when the sentencing enhancement applies. Namely, when the defendant has a prior felony drug offense, the enhancement applies, period. And as this court pointed out, that prior felony offense had occurred five years ago, before his sentence, or before the pre-trial hearing that took place. In fact, it did. It was in 2007, Your Honor. It was in 2007. But if he had gotten it reclassified five years earlier. Okay. Because he had just gotten it reclassified. Correct. He got it reclassified July of 2015. Right. And let's say he'd reclassified it five years earlier. Okay. That wouldn't make a difference to you? The key time, again, under Diaz, is when the defendant. Yes. Yeah. The answer is yes or no. When you say five, it depends on the exact date, Your Honor, because the offense was committed here February 1, 2012. Okay. So that's the time of the instant federal offense for purposes of Diaz. So the question is, and Diaz essentially. I'm just saying. Yeah. Let's just do another case, even if it's not Diaz's case or this case. In this case, if Mr. Norwood had gotten his case reclassified to a misdemeanor five years, ten years before this point. I see. Would you argue and submit to the district court that that should be considered a felony? No, Your Honor, I wouldn't. Okay. And why is that different than what we have here? Sure. Because the trigger under Diaz is at the time the defendant commits the instant federal drug offense. So 841-846. That happened here on February 1, 2012, five years after the defendant's conviction in 2007 became final. Prop 47 comes out in 2015, November 5, 2015. Literally three years after the defendant commits the instant offense. And his redesignation came sometime thereafter. To sum it up again in just two sentences, I have a minute left here. The defense, this whole prospective versus retrospective application completely misses the point of Diaz. It's not, and that distinction to defendant's credit is based on state law. Some state intermediate courts have held that there's a retrospective, there's not a retrospective application. And a prospective application is based on the time of sentencing. But Diaz specifically says it's not based on the time of federal, of sentencing. It's based on when he commits the federal offense, which in this case is 2012. It looks like Diaz was looking, the court in Diaz was looking to McNeil in making a lot of its assessments. And it seems like after reviewing McNeil, McNeil specifically leaves open the situation that we have now, where a state subsequently reclassifies an offense and makes the reclassification available to defendants previously convicted and sentenced to that offense. So what's your response to that? Yes, Your Honor, I see my time is one second up. Can I respond to your question? Judge Baez says it's okay. Go ahead. Okay, so Your Honor is referring to the footnote in McNeil that left an open question. It didn't decide one way or the other. It simply said McNeil is not based on and doesn't address a situation such as Prop 47. But Diaz did. It explicitly held that even if we assume. But Diaz did, basing it on McNeil, and McNeil left that question open. So I'm trying to figure out, Diaz we're bound by, but I'm just seeing a little bit of a crack in Diaz because they attribute, the panel there attributed and the court, we did, attributed the reasoning for the decision in Diaz that ultimately we're looking at right now based on a question that McNeil did not decide. It left open. May I respond to that, Your Honor? Okay. So it's important to reiterate that Diaz is not based only on McNeil. In fact, every circuit, not only that has considered this issue, but every circuit literally has considered the issue of whether subsequent state changes, whether it's dismissal, expungement, et cetera, alters a prior final felony conviction for purposes of 841. In a situation like this, in a situation like this, I understand the sentencing guidelines. That looks after, because it looks like you're trying to give retroactive effect. And so I understand that. But it gives me pause when the reclassification here occurs prior to trial, prior to sentencing. It's been reclassified as the misdemeanor, and the government proceeds to say, well, we're relying on that as a prior felony. I think McNeil answers that question, and it's in the context of the equal protection discussion. McNeil says it would be patently unfair to treat two similarly situated defendants that had the same underlying criminal history, committed the same federal offense on the same day, but to treat them differently based on the date of the sentencing. As Your Honor pointed out, this case was filed in 2013. In Diaz, for example, it's the same facts. Prop 47 comes out after the federal, instant federal indictments filed. The only difference is when the government and the court was able to get to sentencing in the federal offense. That shouldn't decide whether someone's subject to an enhancement or not. That is not a rational distinction. I'm looking at McNeil, and it says, as the government notes, this case does not concern a situation in which a state subsequently lowers the maximum penalty applicable to an offense and makes that reduction available to defendants previously convicted and sentenced for that offense. We do not address whether or under what circumstances a federal court could consider the effect of that state action. That's correct. The Supreme Court explicitly left that question unaddressed, and Diaz answered it. Thank you very much. Thank you. The case of U.S. v. Norwood will be submitted. Thank you, counsel, for the argument.
judges: Bea, Murguia, Keeley